### Cragin Manufacturing Co. v. Geuder & Paeschke Manufacturing Co.

1.   SET-OFF—*Must be Mutual.*—In a suit between two corporations the defendant can not set off an individual claim against an officer of the suing company.

Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding.   Heard in this court at the March term, 1899.   Reversed and remanded.   Opinion filed October 19, 1899.   Rehearing denied November 20, 1899.

Statement.—In May, 1889, plaintiff in error made a general assignment for the benefit of its creditors to William A. Montgomery.

The assignee sold certain of the assets, consisting of merchandise, to defendant in error. The precise terms of the sale are matter of controversy. Defendant in error admits that there is due for such merchandise $238.15. The assignee claimed $568. Suit was begun by the assignee to recover this amount. While the suit was pending the voluntary assignment proceedings were terminated and the insolvent estate settled, and re-assignment made of this claim to the plaintiff in error. Thereupon the plaintiff in error was substituted as party plaintiff in the court below in the place of the assignee. Defendant in error pleaded the general issue and set-off. The set-off was claimed by reason of another transaction in relation to other assets of the insolvent estate. These other assets were machinery, dies, etc., which the defendant in error attempted to purchase of the assignee. Defendant in error wished to make the purchase upon time payment. Effort was made to effect the sale by the assignee upon such terms, but the County Court wherein the insolvent estate was being administered, would not permit the assignee to sell the assets except for cash. The former president of the insolvent company, W. P. Cragin, then purchased the assets in question (together with a certain patent right, which Cragin retained and did not sell to defendant in error) for cash, and he in turn sold them to defendant in error upon time payment, taking the promissory notes of defendant in error for the amount of the purchase price. W. P. Cragin paid to the assignee for all the assets bought by him $5,250, and sold them (excepting the one patent) for $5,000, to defendant in error. The officers of defendant in error knew that it was purchasing from W. P. Cragin and that the assignee had refused to sell to it upon the terms proposed. The goods were invoiced by W. P. Cragin to defendant in error. The promissory notes for purchase price were made payable to the order of W. P. Cragin. The assignee had, before the sale by W. P. Cragin to defendant in error, petitioned the County Court for leave to sell the assets in question, together with the patent right, to W. P. Cragin, for $5,250 cash.

An order was entered by that court granting leave to sell to W. P. Cragin upon those terms, and after sale another order was entered confirming the sale to him. The set-off claimed by the defendant in error in this suit is for breach of contract of sale of these assets to it by reason of failure to deliver part of the assets which it purchased from W. P. Cragin and paid for to him. Evidence was admitted to show that the purchase by Cragin from the assignee and the sale by Cragin to defendant in error were transactions had because of the refusal of the County Court to permit the sale to be made by the assignee to defendant in error. The jury found the issues for defendant in error, and assessed its damages upon the claim of set-off, deducting therefrom the amount which they found due to plaintiff in error upon the sale of the merchandise. The amount of the damages thus assessed was $504.85. Defendant in error remitted the amount of $307.65 from this verdict. The trial court entered judgment upon the verdict thus reduced from which judgment this appeal is prosecuted.

Louis E. Hart, attorney for plaintiff in error.

Bulkley, Gray & More, attorneys for defendant in error.

Mr. Presiding Justice Sears delivered the opinion of the court.

We are unable to see how the claim of set-off presented by defendant in error can be maintained against plaintiff in error, the Cragin Manufacturing Company, when the transaction upon which the claim is based was had with W. P. Cragin, in his individual capacity. It is not controverted that the assignee of plaintiff in error sold the machinery, dies, etc., in question to W. P. Cragin, nor that defendant in error purchased them from W. P. Cragin. It is undisputed that the County Court would not permit the assignee of plaintiff in error to sell these assets to defendant in error upon the terms proposed. It does not matter that

W. P. Cragin would not have purchased them had not the County Court thus refused to let them be sold to defendant in error by the assignee. As a matter of fact the assignee did not, and could not, make this sale by reason of the control of the County Court, and hence, it seems clear, there can be no liability of assignee or plaintiff in error for breach of a contract of sale which was not, and could not be, made by either. There is no need to cite authorities to the effect that a claim of set-off must be mutual. This was not a claim mutual as between plaintiff and defendant.

Other questions raised by counsel relating to the nature of the damages claimed by way of set-off, whether liquidated or unliquidated, and questions relating to the sufficiency of proof of value of articles of machinery, dies, patent right, etc., parts of the goods sold by W. P. Cragin to defendant in error, become unimportant here by reason of the conclusion reached by the court.

The judgment is reversed and the cause remanded.